UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61616-CV-MORENO
MAGISTRATE JUDGE REID

MICHAEL J. MILLS,

     Petitioner,

v.

MARK S. INCH,

     Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his convictions and sentences for second degree murder with a deadly weapon, entered following a guilty plea, in Broward County Circuit Court, Case No. 13001029CF10A. [ECF 1]. A limited order to show cause was entered for the parties to address the timeliness concerns in this case. [ECF 9]. Respondent argues that this action should be dismissed as time-barred. The Undersigned agrees.

This Cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b); S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

## II. Discussion

A. Timeliness

Stated broadly, petitioners have a one-year period from the date a judgment becomes "final" to file a federal habeas petition challenging a state court conviction or sentence. 28 U.S.C. § 2244(d). The date on which a judgment becomes "final" is the day that (1) direct review concludes or (2) the time for seeking such review expires. *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (relying upon 28 U.S.C. § 2244(d)(1)(A)).

The conclusion of direct review applies to petitioners who pursued direct review to the Supreme Court, meaning finality attaches when the Supreme Court denied a petition for writ of certiorari or otherwise affirmed a conviction on the merits. *Id.* at 150. For all other petitioners, the judgment becomes final at the expiration of the time for seeking direct review either in the Supreme Court or in state court—whichever is latest. *Id.* at 150-51.

As Petitioner did not file a petition for writ of certiorari [ECF 12-1], his date of finality falls into that second category. *See Phillips v. Warden*, 908 F.3d 667, 672 (11th Cir. 2018). "A Florida prisoner has 30 days from the day a judgment was entered to seek direct review." [1] *Gomez-Muniz v. Sec'y, Dep't of Corr.*, 694 F. App'x

---

[1] In Florida, an order's rendition generates a convicted person's opportunity to appeal under Florida law. Fla. R. App. Proc. 9.110(a)-(b). *See also* Fla. R. App.

2

701, 702 (11th Cir. 2017) (citing Fla. R. App. Proc. 9.110(b)). Here, Petitioner did not pursue a direct appeal after his sentence was imposed. [ECF 12-1, pp. 4-21]. Thus, Petitioner's sentence became final when that 30-day period expired, causing the conviction and sentence to become final on December 10, 2015.

Under 28 U.S.C. § 2244(d)(2), the one-year time limitations is tolled during the pendency of a properly filed application for State postconviction review or other collateral review. *Rogers v. Sec'y, Dep't of Corr.*, 855 F.3d 1274, 1275 (11th Cir. 2017). In this case, however, there were no tolling motions before the 1-year period elapsed.

The record reflects that the first application for state postconviction review was a motion to vacate pursuant to Fla. R. Crim. P. 3.850, filed on July 11, 2017. [ECF 12-1, pp. 23-39]. In sum, as Respondent correctly argued [ECF 11, p. 3], 579 un-tolled days elapsed from the date of finality (*i.e.*, December 10, 2015) until the first postconviction filing for collateral relief (*i.e.*, July 11, 2017). Absent an equitable exception, the Petition is time-barred.

B. Equitable Tolling

To warrant equitable tolling, Petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

---

Proc. 9.020(h) ("An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.").

his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted).

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). The petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Fla.*, 677 F. 3d 1097, 1099 (11th Cir. 2012)).

Petitioner does not provide the Court with any allegations suggesting he pursued his rights diligently. To the contrary, the state court record reflects that well over one year elapsed before Petitioner pursued any postconviction relief. There are also no allegations suggesting an extraordinary circumstance stood in Petitioner's way.

C. Actual Innocence and Fundamental Miscarriage of Justice

Actual innocence may sometimes serve to overcome the procedural bar caused by an untimely filing. As the United States Supreme Court held, actual

4

innocence, if proved, serves as a gateway through which a petitioner may pass when the impediment is a procedural bar under the AEDPA. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013).

To successfully show entitlement to actual innocence, petitioners "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [them] guilty beyond a reasonable doubt.' *House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner did not rely upon this equitable exception, and his allegations do not rely upon fresh evidence of innocence. Additionally, as Respondent points out [ECF 11, p. 4], Petitioner pled guilty and none of his claims relate to actual innocence, only legal innocence. [ECF 12-1, p. 4]. As such, the actual innocence exception does not apply. Without an applicable equitable exception, the Petition is time-barred

### III. Evidentiary Hearing

In this case, an evidentiary hearing in federal court is not needed because the record clearly shows the Petition is time-barred. *See Schiro v. Landrigan*, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). *See also* 28 U.S.C. § 2254(e)(2) (stating federal

courts "shall *not* hold an evidentiary hearing" "unless the application shows" circumstances that are inapplicable to the instant Petition) (emphasis added).

## IV. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *Harbison v. Bell,* 556 U.S. 180 (2009). This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

This Court should not issue a certificate of appealability. If Petitioner disagrees, he may bring his argument to the attention of the District Judge in objections.

## V. Recommendations and Conclusions

Based upon the foregoing it is recommended that:

1.      the Petition be DENIED as time-barred [ECF 1];

2.      an evidentiary hearing be DENIED;

3.      a certificate of appealability NOT ISSUE; and

4.      the case CLOSED.

Objections to this report may be filed with the District Court Judge within fourteen (14) days of receipt of a copy of the Report. Failure to file timely objections shall bar petitioner from a *de novo* determination by the District Court Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 25th day of August, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:   Michael J. Mills
      B14322
      South Florida Reception Center-South Unit
      Inmate Mail/Parcels
      13910 NW 41st Street
      Doral, FL 33178
      PRO SE

      Noticing 2254 SAG Broward and North
      Email: CrimAppWPB@MyFloridaLegal.com